[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 17-10418; 17-11994
Non-Argument Calendar
_____

D.C. Docket Nos. 1:16-cr-00167-CAP-JSA-1,
1:16-cr-00412-CAP-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

NICOLAS GUTIERREZ-LOPEZ,

Defendant - Appellant.

_____

Appeals from the United States District Court
for the Northern District of Georgia
_____

(January 22, 2018)

Before MARCUS, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

In this consolidated appeal, Nicolas Gutierrez-Lopez challenges the

reasonableness of his 40-month sentence, which the district court imposed after he

was convicted of illegal reentry, and consecutive 12-month sentence following the revocation of his supervised release. After careful review, we affirm.

## I.

Gutierrez-Lopez, a native and citizen of Mexico, pled guilty to illegal reentry by a previously deported noncitizen and was sentenced to 48 months' imprisonment followed by two years' supervised release. As relevant here, the conditions of his supervised release precluded him from reentering the country following deportation and required him to report to the probation office if he did return. After serving his term of imprisonment, Gutierrez-Lopez was deported to Mexico. Gutierrez-Lopez returned to the United States, however, and, after being arrested on suspicion of an unrelated offense, was charged with a new illegal reentry offense and with violating the conditions of his current term of supervised release. These two charges—specifically, the terms of incarceration that resulted from Gutierrez-Lopez's admissions of guilt—are the subject of this appeal.

Gutierrez-Lopez pled guilty to the illegal reentry charge and conceded that he had violated the conditions of his supervised release. A presentence investigation report ("PSI") prepared in advance of sentencing detailed his personal history. Gutierrez-Lopez originally had entered the United States as a child without valid entry documents in 1989; he sought to become a lawful

permanent resident but his two applications for permanent resident status were denied.

The PSI assigned Gutierrez-Lopez a total offense level of 17 and a criminal history category of V, yielding a guidelines range of 46 to 57 months' imprisonment for the illegal reentry conviction. His guidelines range for the supervised release violation was 8 to 24 months' imprisonment. The offenses carried a 20-year and 2-year statutory maximum, respectively.

At sentencing, Gutierrez-Lopez requested a sentence of time served for both his illegal reentry offense and his supervised release violation. He noted that he was brought to the United States as a small child, had lived here his entire life, and all of his parents and siblings had obtained legal status in the United States. Gutierrez-Lopez testified that he returned to the United States illegally because he had nowhere to live when he was deported to Mexico. But, he testified, his grandmother recently passed away, leaving him and his siblings her house in Mexico, so he had no reason to reenter the United States illegally again now that he had a place to live in Mexico. Gutierrez-Lopez presented letters from two siblings describing him as a loving brother who was instrumental in caring for his family financially and emotionally.

The district court reviewed the siblings' letters and the PSI, and sentenced Gutierrez-Lopez to 40 months' imprisonment for his illegal reentry conviction, a

downward variance, and 12 months' imprisonment upon revocation of his supervised release.  This is Gutierrez-Lopez's appeal.

## II.

A district court must impose a sentence that is substantively reasonable, including upon revocation of supervised release.  *United States v. Gonzalez*, 550 F.3d 1319, 1323 (11th Cir. 2008); *United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir. 2006).  We review the reasonableness of a sentence under a deferential abuse of discretion standard, considering the totality of the circumstances and the sentencing factors set forth in 18 U.S.C. § 3553(a).  *Gall v. United States*, 552 U.S. 38, 41 (2007).

Under § 3553(a), the district court is required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" of § 3553(a)(2)—the need to reflect the seriousness of the offense; promote respect for the law; provide just punishment; deter criminal conduct; protect the public from the defendant's future criminal conduct; and effectively provide the defendant with educational or vocational training, medical care, or other correctional treatment.  18 U.S.C. § 3553(a)(2).  The court must also consider the nature and circumstances of the offense; the history and characteristics of the defendant; the kinds of sentences available; the applicable guideline range, the pertinent policy statements of the Sentencing Commission; the need to avoid

unwarranted sentencing disparities; and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

The party challenging a sentence bears the burden of proving the sentence is unreasonable. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). A district court imposes a substantively unreasonable sentence when it fails to afford consideration to relevant factors that were due significant weight, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in considering the proper factors. *United States v. Irey*, 612 F.3d 1160, 1189-90 (11th Cir. 2010) (en banc). Generally the weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008); a district court commits a clear error of judgment when it "considers the proper factors but balances them unreasonably" and imposes a sentence that "does not achieve the purposes of sentencing as stated in § 3553(a)," *Irey*, 612 F.3d at 1189-90 (internal quotation marks omitted). Although we do not automatically presume a within-guidelines sentence to be reasonable, ordinarily we expect it to be. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

## III.

Gutierrez-Lopez makes a single argument on appeal. He contends that his total sentence of 52 months' imprisonment is substantively unreasonable because

in formulating it the district court focused myopically on the need for deterrence and failed to consider mitigating circumstances of his illegal reentry, including that he:  was brought to the United States as a child by his family; was raised in the United States; was the only member of his family not to obtain United States citizenship; was deported to Mexico, a country he barely remembered; and was homeless and without any support system upon his return to Mexico.  The record, however, demonstrates that the district court considered these facts in mitigation of Gutierrez-Lopez's total sentence.  The district court expressly stated that it read the letters from Gutierrez-Lopez's siblings.  The court also listened to and engaged with defense counsel's recitation of these mitigating circumstances and Gutierrez-Lopez's allocution.

Because the record makes clear that the district court considered Gutierrez-Lopez's personal mitigating circumstances, his challenge at bottom is to the greater weight the court assigned the need for deterrence.  We cannot say, however, that the district court balanced the need for deterrence and Gutierrez-Lopez's personal mitigating circumstances unreasonably, especially in light of the sentence it imposed—a downward variance for Gutierrez-Lopez's illegal reentry conviction and a within-guidelines sentence upon revocation of his supervised release.  *See Irey*, 612 F.3d at 1189-90; *Hunt*, 526 F.3d at 746.  Thus, we reject Gutierrez-

6

Lopez's challenge and affirm the total 52-month sentence the district court imposed.

**AFFIRMED.**